**In re M. Susan MATTHEWS, Debtor.**

**M. Susan MATTHEWS, Plaintiff,**

v.

**UNITED STATES of America, NATIONAL HEALTH SERVICE CORPS; First Eastern Bank; Hahnemann University; Pennsylvania Higher Education Assistance Agency; and William Pineo, Trustee, Defendants.**

Bankruptcy No. 90–00765E.
Adv. No. 90–0133.

United States Bankruptcy Court,
W.D. Pennsylvania.

Dec. 30, 1992.

**12**

Mary McKeen Houghton, Pittsburgh, PA, for U.S., National Health Service Corps.

Gary V. Skiba, Erie, PA, for M. Susan Matthews.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Introduction

M. Susan Matthews ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 18, 1990. The Debtor initiated the within Adversary Proceeding to determine the dischargeability of various student loan obligations. Presently before the Court are cross-motions for Summary Judgment by the Debtor and the United States of America, National Health Service Corps ("NHSC"). The Debtor's Complaint is a core proceeding under 28 U.S.C. § 157(b)(2)(I) over which we have jurisdiction.

Upon review of the record, including the Complaint, Answer, the NHSC's Motion and Amended Motion for Summary Judgment, the Debtor's Motion for Summary Judgment, Briefs, Reply Briefs, Supplemental Briefs, answers to interrogatories, and Affidavits, we find that there are no material issues of fact and that this matter is ripe for decision.

## Factual Background

The Debtor is a physician engaged in family practice in Saegertown and Conneautville, Pennsylvania. She graduated from Hahnemann Medical College ("Hahnemann") in June, 1982. Her medical education was partially funded by scholarship awards from NHSC for three academic years, 1979–82, in the aggregate amount of $46,726. In return for the scholarship awards, the Debtor agreed to serve in a health manpower shortage area assigned by the NHSC for three years, one year for each year of financial assistance.

Following a deferment of three years after the Debtor's graduation from Hahnemann to allow the Debtor to complete her residency requirements, the NHSC assigned the Debtor to the State of South Dakota to complete her service requirements.

The Debtor failed to comply with the NHSC's assignment and chose instead to practice in Saegertown and Conneautville, Pennsylvania. As a result of the Debtor's breach of contract, the NHSC filed suit against the Debtor in the United States District Court for the Western District of Pennsylvania in Erie at Civil Action No. 87–210. By Order dated February 15, 1990, the District Court entered judgment in favor of NHSC in the principal amount of $140,178 plus prejudgment interest. Judgment was rendered in accordance with 42 U.S.C. § 254o (b), which allows the NHSC to receive treble the amount of its scholarship awards plus interest. The amount owed by the Debtor as of December 20, 1990 was $379,485.74.

The Debtor seeks to discharge this obligation. Under the NHSC program, dischargeability in bankruptcy is governed by 42 U.S.C. § 254o (d)(3), which allows a discharge in bankruptcy if (1) five years has passed since the first date that payment of damages for breach of the scholarship contract is required, and (2) the bankruptcy court finds that nondischarge of the obligation would be unconscionable.

The provision of 42 U.S.C. § 254o (d)(3) requiring a finding of unconscionability was added by Amendment in 1987, Pub. L.No. 100–177, 101 Stat. 992. Prior to the Amendment, the only condition for discharge was the expiration of five years from the time that payment was first required.

The Debtor asserts that excepting this obligation from discharge would be unconscionable because there is no reasonable possibility that the Debtor could over repay the amount owed and that the Debtor would be in virtual receivership with the NHSC with no possibility of recovery. In the alternative, the Debtor asserts that discharge should be granted because more than five years have expired from the time that the obligation to repay arose and the requirement that nondischarge of the obligation be unconscionable as set forth in 42 U.S.C. § 254o (d)(3) is invalid as an inappropriate and unconstitutional retroactive application of this statutory provision. As a second alternative, the Debtor asserts that the obligation should be nondischargeable only to the extent of the amount of the scholarship award, $46,726 plus interest on that amount.

NHSC asserts that the obligation is nondischargeable because less than five years have elapsed since the payment of the debt was first required. NHSC denies that it would be unconscionable to allow this obligation to survive bankruptcy.

## Discussion

■ We can readily dispose of the Debtor's assertion of unconstitutional retroactive application of the 1987 Amendment to 42 U.S.C. § 254o (d)(3) which added the requirement of unconscionability. Section 308(b) of Pub.L. 100–177 provides that the Amendment applies only to bankruptcy proceedings in which discharge of an obligation to NHSC had not been granted within 30 days after its enactment.

The Debtor had no bankruptcy proceeding pending in 1987; the Amendment applies solely to future bankruptcy proceedings. It is not an unconstitutional retrospective application to apply the statute as it appeared in 1987 to the Debtor's 1990 bankruptcy filing.

■ Likewise, we can readily dispose of NHSC's assertion that five years have not elapsed since the first date that the Debtor's payment of damages was required. By letter dated June 6, 1985, NHSC declared the Debtor in default of her contract as of July 1, 1985 and advised her of the responsibility to pay the amount due. Thus, the first date that payment was required as per the NHSC's June 6, 1985 letter was July 1, 1985. The Debtor's bankruptcy proceeding was filed October 18, 1990, a date in excess of five years from the first date that the Debtor's payment for damages was required.

■ This brings us to the more difficult question of unconscionability. This is not the ordinary student loan case requiring the Court to find an "undue hardship" under 11 U.S.C. § 523(a)(8)(B). Discharge of an obligation to the NHSC is governed by 42 U.S.C. § 254o (d)(3). § 254o (d)(3) requires that we find it unconscionable to except this debt from discharge. Unconscionable is defined as outside the limits of what is reasonable or acceptable; an act which is shockingly unfair, harsh, or unjust.

We find elements on both sides of this case unconscionable. The Debtor used NHSC's scholarship money to obtain a medical degree and then failed to perform the service required by her contract. She chose instead to refuse to perform the required service in South Dakota and set up practice in another area. The purpose of NHSC's program is not just to provide education, but also to redistribute physicians to the most needy areas. Those who fail to abide by their contract incur substantial financial cost. The contract provides that a physician who fails to perform the required service must pay back three times the amount of educational funds provided by the NHSC, plus interest.

Were this Debtor seeking to discharge only the principal and interest on the amount received for her education, we would have little difficulty in denying discharge. The Debtor is a medical doctor who is board certified in family practice. She has a successful family practice and earns approximately $85,000 per year.

The Debtor, her husband and their two children are all in good health. She and her husband own their home, which is in good repair and valued at approximately $85,000. The Debtor's husband and a former business associate own the building valued at $150,000 in which she practices. She and another doctor pay her husband rent. Her husband and her former business associate will own the building free and clear of liens in November, 1998.

In the instant situation, however, the amount which the Debtor seeks to discharge is not the amount she borrowed, but three times the amount.

Although not willing to relocate to South Dakota as required by the NHSC, the Debtor did make an effort to gain permission to perform her service requirements in a different medically underserved area, albeit not one of the most needy areas as designated by the NHSC. The Debtor has provided some medical service in a medically underserved area.

Considering all of the facts and circumstances of this case, we find the matter unconscionable in two respects—first, it is shockingly unfair for the Debtor to receive all the benefits from the NHSC and then refuse to perform her service obligation. Second, it is outside the limits of what is reasonable to hold the Debtor in a virtual receivership by requiring the repayment of nearly $400,000, which even with the Debtor's income is a near impossibility. The fresh start provisions of the Bankruptcy Code do not contemplate perpetual indebtedness beyond a reasonable repayment period.

Accordingly, we will permit the Debtor to discharge one-half of her obligation to NHSC provided that the Debtor, within 60 days, proposes a suitable repayment schedule for the remaining balance of $189,-742.87 (as of December 20, 1990) plus continuing interest.